UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID DOUGLAS SOI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 22-CV-0224-CVE-JFJ |
| ) | |
| STEVEN HARPE, Director of Oklahoma ) | |
| Department of Corrections,[1] ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This matter is before the Court on petitioner David Douglas Soi's petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody (Dkt. # 1) and on respondent Steven Harpe's motion to dismiss petition for writ of habeas corpus for failure to exhaust necessary state remedies (Dkt. # 8). Having considered the petition, the motion to dismiss, the brief in support of the motion to dismiss (Dkt. # 9), and the response in opposition to the motion to dismiss (Dkt. # 10), the Court denies Soi's petition and dismisses as moot Harpe's motion.

**I.**

Soi brings this action to challenge the lawfulness of his state custody under the judgment entered against him in the District Court of Tulsa County, Case No. CF-2017-2910. Dkt. # 1, at 1.[2] Under 28 U.S.C. § 2254(a), a federal court may grant habeas relief to a person in state custody if that person shows that he or she "is in custody in violation of the Constitution or laws or treaties

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Steven Harpe, Director of the Oklahoma Department of Corrections (ODOC), in place of Scott Crow, the ODOC's former director, as party respondent. The Clerk of Court shall note this substitution on the record.

[2] For consistency, the Court's citations refer to the CM/ECF header pagination.

of the United States." Soi identifies three claims for relief. First, he claims that the State of Oklahoma ("the state") violated his right to due process because the state did not have jurisdiction to convict him for crimes he committed within the boundaries of the Muscogee (Creek) Nation Reservation. Dkt. # 1, at 5. To support this claim, Soi alleges that he "is an American Indian," that his "victims may have been American Indian," and that he committed his crimes in Indian country. Id. at 6-17. Second, Soi alleges that he received ineffective assistance from trial and appellate counsel, in violation of his Sixth Amendment right to counsel. Id. at 22. He specifically alleges that trial counsel failed to challenge the alleged absence of jurisdiction and that appellate counsel failed to argue on appeal that trial counsel was ineffective for failing to challenge the alleged absence of jurisdiction. Id. at 23-25. Third, Soi claims that he is "actually innocent" of the crimes for which he was convicted because the state allegedly did not have jurisdiction to prosecute him. Id. at 26-32.

Harpe concedes that Soi timely filed his petition, as required by 28 U.S.C. § 2244(d)(1), but he urges the Court to dismiss the petition based on Soi's failure to exhaust available state remedies, as required by 28 U.S.C. § 2254(b)(1)(A). Dkt. # 9, at 2. The exhaustion requirement obligates a person in state custody to fairly present his or her federal claims to the highest state court before asserting those claims in a federal habeas petition. Grant v. Royal, 886 F.3d 874, 890-92 (10th Cir. 2018). "Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." Id. at 891-92 (quoting Bland v. Sirmons, 459 F.3d 999, 1012 (10th Cir. 2006)). But "dismissal without prejudice for failure to exhaust available state remedies is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds." Smallwood

2

v. Gibson, 191 F.3d 1257, 1267 (10th Cir. 1999). In that situation, "there is a procedural default for the purposes of federal habeas review." Bland, 459 F.3d at 1012 (quoting Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992)). A federal court may not review a procedurally defaulted claim "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

According to Harpe, "only one facet of one claim has been presented to the OCCA," namely, that portion of claim one that alleges Soi could not be prosecuted in state court (1) because his victims may have been Native American and (2) because he committed his crimes in Indian country. Dkt. # 9, at 2-4. Harpe contends that Soi's remaining claims, including that portion of claim one that alleges the convicting court also lacked jurisdiction because Soi is Native American, were not fairly presented to the OCCA. Id. at 2-4 & nn. 3, 4. Harpe further argues that relief is not available as to the only portion of claim one that is exhausted—namely, Soi's claim that the state lacked jurisdiction to prosecute him for crimes he committed in Indian country against Native American victims because the United States Supreme Court recently held, in Oklahoma v. Castro-Huerta, 142 S. Ct. 2486, 2491 (2022), that "the Federal Government and the State have concurrent jurisdiction to prosecute crimes committed by non-Indians against Indians in Indian country." Dkt. # 9, at 3-4. Finally, Harpe contends that dismissal of the remaining unexhausted claims is appropriate because Soi has not shown that his circumstances warrant a stay of this habeas proceeding, under Rhines v. Weber, 544 U.S. 269 (2005), while Soi returns to state court to exhaust available state remedies. Dkt. # 9, at 5-7.

In response to Harpe's motion to dismiss, Soi concedes that he is not Native American. Dkt. # 10, at 2. He contends, however, that he did exhaust available state remedies as to his remaining claims, including that portion of claim one alleging that the state lacked jurisdiction to prosecute him because the victims were Native American victims and he committed his crimes in Indian country. Id. at 2.

## II.

For several reasons, the Court finds that the petition shall be denied rather than dismissed for failure to exhaust available state remedies. First, the record supports Harpe's position that Soi cannot obtain federal habeas relief as to the only portion of claim one that was properly presented to the OCCA. In state postconviction proceedings, Soi argued that the state lacked jurisdiction over his criminal prosecution because (1) the victims are Native American and (2) the state has no jurisdiction to prosecute any crimes in Indian country. Dkt. # 9-6, generally; Dkt. # 9-7, at 3. But even if he had argued in state court that his own status as Native American deprived the trial court of jurisdiction over his prosecution, Soi now concedes that he is not Native American. Dkt. # 10, at 2. Thus, claim one argues only that the state lacked jurisdiction to prosecute him for crimes he committed in Indian country either (1) because his victims may have been Native American or (2) because Oklahoma has no criminal jurisdiction in Indian Country. And Castro-Huerta precludes relief as to both prongs of that argument. 142 S. Ct. at 2491. For these reasons, the Court denies the petition as to claim one.

Second, Soi procedurally defaulted his second claim and cannot overcome the procedural default. In claim two, Soi asserts (1) that trial counsel was ineffective for failing to challenge the trial court's alleged lack of jurisdiction and (2) that appellate counsel was ineffective for failing to

4

argue that trial counsel was ineffective on this ground. Dkt. # 1, at 22-25. As Harpe contends, Soi claimed in his application for postconviction relief that trial and appellate counsel were ineffective. Dkt. # 9, at 4 n.4; Dkt. # 9-4, at 1-17. But neither claim he presented in state court asserted ineffectiveness related to the alleged absence of jurisdiction in the convicting court. Dkt. # 9-4, at 1-17. As a result, Soi did not properly exhaust any part of claim two. See Smallwood, 191 F.3d at 1267 (concluding that the petitioner failed to exhaust ineffective assistance of counsel claims presented in habeas petition because, while he "raised an ineffective assistance of counsel claim on direct appeal, he based it on different reasons than those expressed in his habeas petition"). But, contrary to Harpe's position, dismissal of claim two would not be appropriate because the state courts would find Soi's ineffective assistance of counsel claims procedurally barred if he returned to state court and attempted to exhaust them by raising them in a subsequent application for postconviction relief. See Bland, 459 F.3d at 1012 ("Oklahoma's Uniform Post–Conviction Procedure Act requires that "[a]ll grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised . . . may not be the basis for a subsequent application." (quoting OKLA. STAT. tit. 22, § 1086))). This is particularly true for the claim that trial counsel was ineffective as the state district court applied a procedural bar to the Soi's claim, presented in his first application for postconviction relief, that trial counsel performed deficiently and prejudicially on other grounds. Dkt. # 9-7, at 5. And the state district court thoroughly addressed and rejected Soi's claim that appellate counsel provided ineffective assistance for the reasons that Soi alleged in his application for postconviction relief but does not reassert in the petition. Id. at 5-19. Claim two is therefore technically exhausted but procedurally defaulted. Grant, 886 F.3d at 892. And Soi

5

cannot overcome the procedural default. As previously stated, to overcome the procedural default of claim two, Soi must show either (1) cause for the default and actual prejudice or (2) that it would be a fundamental miscarriage of justice to bar federal habeas review. Coleman, 501 U.S. at 750. For two reasons, he cannot make either showing. First, claim two rests solely on Soi's assertion that trial counsel should have challenged the trial court's jurisdiction and that appellate counsel should have challenged trial counsel's failure to do so. In some cases, counsel's ineffectiveness can establish cause for a procedural default. See Coleman, 501 U.S. at 753-54 (noting that "counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation"). But "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 486 (1986). Further, even assuming Soi could establish cause based on either counsel's alleged ineffectiveness, he cannot show actual prejudice because, as previously discussed, Soi's jurisdictional claim lacks merit. Second, to the extent this court could view Soi's actual innocence claim, asserted as an independent ground for relief in claim three, as invoking the miscarriage of justice exception, that exception does not apply under the facts of this case. In claim three, Soi asserts that "until such time as he is taken to trial by a court of lawful jurisdiction law [sic] he is by due process of law actually innocent of the charges and crime." Dkt. # 1, at 27. The miscarriage of justice exception permits review of procedurally defaulted claims, but it applies only when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Carrier, 477 U.S. at 496; see also McQuiggin v. Perkins, 569 U.S. 383, 392 ("[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural

6

bar to relief."). And that exception does not apply in cases such as this one, when the assertion of actual innocence is based solely on the fact that the petitioner allegedly was "convicted by the wrong jurisdiction." Pacheco v. El Habti, 48 F.4th 1179, 1186-90 (10th Cir. 2022). In sum, because Soi procedurally defaulted claim two and cannot overcome the procedural default, the Court denies the petition as to claim two.

Third, and finally, Soi's third claim is unexhausted and procedurally defaulted and, in any event, does not support his request for federal habeas relief. As just discussed, in claim three, Soi asserts that "until such time as he is taken to trial by a court of lawful jurisdiction law [sic] he is by due process of law actually innocent of the charges and crime."[3] Dkt. # 1, at 27. This claim is not exhausted because Soi presented a substantially different actual innocence claim in state postconviction proceedings. Dkt. # 9-4, at 17-19; Dkt. # 9-7, at 19-21. It is not entirely clear whether state courts would apply a procedural bar if Soi were to return to state court and attempt to exhaust his new actual innocence claim. See Dkt. # 9-7, at 19 (describing "innocence claims [as] the Post-Conviction Procedure Act's foundation" and noting that "[a] claim of factual innocence may be raised at any stage of the appellate process"). Regardless, granting Harpe's request to dismiss claim three as unexhausted would serve no purpose because, as just discussed, Soi's "actual-innocence claim is not based on evidence regarding what []he did, but on where []he did it." Pacheco, 48 F.4th at 1186-90. Given that Pacheco rejected "the proposition that the

---

[3] The United States Supreme Court has "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." Perkins, 569 U.S. at 392. Thus, it "has not foreclosed the possibility that actual innocence could be invoked as the substantive constitutional claim for habeas relief." Taylor v. Powell, 7 F.4th 920, 926 n.1 (10th Cir. 2021). Because Soi's claim clearly lacks merit, the Court assumes without deciding that claim three states a cognizable habeas claim.

factual-innocence gateway is available when one has been convicted by the wrong jurisdiction" and seeks to overcome a procedural bar that precludes habeas review, this Court concludes, under the facts of this case, that Soi cannot prevail on his freestanding actual innocence claim. The Court thus denies the petition as to claim three.

### III.

For the reasons stated, the Court denies Soi's petition for writ of habeas corpus as to all claims raised therein and dismisses as moot Harpe's motion to dismiss for failure to exhaust available state remedies. The Court also finds no claims that deserve encouragement to proceed further and thus declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. the Clerk of Court shall note on the record the substitution of Steven Harpe in place of Scott Crow as party respondent;

2. the petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody (Dkt. # 1) is **denied**;

3. a certificate of appealability is **denied**;

4. the motion to dismiss petition for writ of habeas corpus for failure to exhaust necessary state remedies (Dkt. # 8) is **dismissed as moot**; and

5. a separate judgment shall be entered in this matter.

**DATED** this 24th day of January, 2023.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE